30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
VULCAN MATERIALS COMPANY, Plaintiff-Appellee,
v.
Peter J. WINKELMAN; Cardinal Enterprises, Defendants-Appellants.
 No. 93-2437.
 United States Court of Appeals, Fourth Circuit.
 Argued June 6, 1994.
Decided Aug. 3, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-93-69-2).
 Argued: Harry William Jernigan, III, Harry W. Jernigan, P.C., Virginia Beach, VA, for appellants.
 Virginia W. Powell, Hunton & Williams, Richmond, VA, for appellee.
 On Brief: Russell R. Johnson, III, Hunton & Williams, Richmond, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HAMILTON and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Peter J. Winkelman (Winkelman) and Cardinal Enterprises (Cardinal) appeal the district court's orders of October 6 and October 27, 1993 entering judgment in favor of Vulcan Materials Company (Vulcan) for amounts due under a Continuing Guaranty (the Guaranty) and for attorneys' fees. For the reasons stated herein, we affirm.
 
 
 2
 On August 1, 1984, Vulcan and Winkelman, Inc.,[1] entered into a Lease and Service Agreement (the Lease) for real property in Norfolk, Virginia. On the same day, Winkelman, individually and as a general partner of Cardinal[2] executed the Guaranty, through which he guaranteed all obligations of Winkelman, Inc. under the Lease. The provision from the Guaranty at issue in this appeal reads as follows:
 
 
 3
 [T]he undersigned hereby jointly and severally and unconditionally guarantees and agrees to pay to VULCAN MATERIALS COMPANY, a New Jersey corporation, its successors and assigns (hereinafter referred to as "Vulcan"), all amounts due or which become due Vulcan from and by Winkelman, Inc .... provided, however, that the dollar amount so guaranteed shall in no event be greater than the appraised value of the "Shop and Adjacent Property" as that term is defined in the Purchase Agreement dated July 26, 1984, between Vulcan, the Principal Debtor and the undersigned.
 
 
 4
 (J.A. 35). On August 1, 1990, Winkelman, Inc. failed to pay rent due in the amount of $60,000. Vulcan demanded payment from both Winkelman, Winkelman, Inc., and Cardinal. On October 1, 1990, Winkelman, Inc. declared bankruptcy. Although Vulcan asserted its claim for the $60,000 unpaid rent in the bankruptcy proceeding, it received no distribution. Therefore, on January 28, 1993, Vulcan filed a complaint in the United States District Court for the Eastern District of Virginia against Winkelman and Cardinal--the only two guarantors who were not in bankruptcy.[3] Vulcan filed a First Amended complaint on March 18, 1993.
 
 
 5
 The First Amended Complaint sought to recover from Winkelman and Cardinal both unpaid rent and environmental cleanup costs. Vulcan amended its First Amended Complaint on July 19, 1993. The Second Amended Complaint dropped the environmental cleanup claims; as a result it sought only the unpaid rent in the amount of $60,000, plus interest, attorneys' fees and other costs of collection as provided for in the Lease and the Guaranty.
 
 
 6
 On September 20, 1993, Winkelman and Cardinal answered the Second Amended Complaint. This answer included only two affirmative defenses: the statute of limitations and the statute of frauds. On October 1, 1993, five days before trial, Winkelman and Cardinal sought to amend its answer. The district court, at the trial of the matter on October 6, 1993, accepted the amended answer which raised the two previously asserted affirmative defenses and the additional affirmative defense of offset.[4]
 
 
 7
 Other than evidence on the offset defense, which is not the subject of this appeal, Winkelman and Cardinal presented no evidence disputing the amount owed under the Guaranty. During closing argument, Winkelman and Cardinal claimed that Vulcan had not presented all the evidence necessary to support a judgment on the Guaranty. They contended that the Guaranty was conditional and that Vulcan had not established it satisfied the condition. Rejecting this argument, the district court reasoned:
 
 
 8
 the language in the guaranty is a limitation on liability and not a condition precedent. The condition precedent is something that has to be met before you can have any collection on the instrument whatsoever. In this case the plaintiff has shown that there was a guaranty agreement, that it was a continuing guaranty, that it was in effect at the time this rent became owing, that there was a lease, that there was rent owing under the lease, there was a default, and that they are entitled to collect under that guaranty against Mr. Winkelman and Cardinal Enterprises, which would be a joint and several liability under the guaranty.
 
 
 9
 The language in the guaranty, when the court read it carefully and also looked at Williston on Contracts and a couple of articles on guaranties, concluded that this language says, however, that the dollar amount so guarantied [sic] shall in no event be greater than the appraised value and so forth. In the court's mind, that is a limitation on liability. It doesn't say that you are not liable. You have got a guaranty, they have got it in evidence, they have got a sum owing under it, and if you have that as a defense, then you come in and say, no, we don't owe you that much because there is a limit on our liability.
 
 
 10
 It would be like any other limitation of liability proceeding. They show a debt, they show the guaranty of that debt, and then you come back and defend by saying, yes, we may have a debt, and yes, we may have a guaranty, but we don't owe you that much because our liability is limited under that guaranty.
 
 
 11
 (J.A. 166-67). Accordingly, on October 6, 1993, the district court entered a judgment in favor of Vulcan against Winkelman and Cardinal in the amount of $60,000 principal and $15,241.60 interest. On October 27, 1993, judgment was entered in the amount of $15,000 for attorneys' fees. Winkelman and Cardinal appealed on November 4, 1993.
 
 
 12
 Winkelman and Cardinal argue that the words in the Guaranty limiting the amount guaranteed to the "appraised value of the 'Shop and Adjacent Property' " constitute a condition to the guarantor's liability which Vulcan has the burden of establishing as an element of its cause of action. Whether the Guaranty contains a condition precedent or a limitation of liability is a question of law which we review de novo. Rawl v. United States, 778 F.2d 1009, 1014 (4th Cir.1985), cert. denied, 479 U.S. 814 (1986).
 
 
 13
 After carefully reviewing the decision of the district court, considering the briefs submitted by the parties and the record, and hearing oral argument, we agree with the district court that the relevant language in the Guaranty is not a condition precedent, but rather a limitation on liability.[5] Accordingly, we affirm the judgment of the district court for the reasons stated by that court. Vulcan Materials Company v. Peter J. Winkelman and Cardinal Enterprises, CA No. 93-69-2 (E.D. Va. Oct. 6, 1993 & October 27, 1993).
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Vulcan is a corporation organized under the laws of the State of New Jersey with its principal place of business in Birmingham, Alabama. Winkelman, Inc. was a construction company which built roads and private parking lots. It operated an asphalt plant on the leased premises
 
 
 [2]
 Winkelman is a general partner of Cardinal, which is a Virginia general partnership. Winkelman is also a resident of Virginia
 
 
 [3]
 Federal jurisdiction was premised on diversity of citizenship, 28 U.S.C. Sec. 1332
 
 
 [4]
 As Vulcan points out, it is not surprising that Winkelman and Cardinal did not assert a defense based on the limitation of liability: the $60,000 amount sought was considerably less than the $307,700 value of the appraised property, which set the limitation on liability
 
 
 [5]
 Although the notice of appeal suggests that Winkelman and Cardinal appeal both district court orders, they do not discuss the attorneys' fees issue in their brief. In any event, we also affirm the district court's award of attorneys' fees to Vulcan on the reasons stated by the district court